UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AVERY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00019-JPH-MG |
| | ) |
| ADAMS, | ) |
| STEVENS, | ) |
| ORNDORFF, | ) |
| POWER, | ) |
| LOVEALL, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Avery Smith is an inmate at the Wabash Valley Correctional Facility and suffers from seizures. He filed this civil action alleging that the defendants were deliberately indifferent to his need for medical care immediately before and during his seizures.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face.  A claim has facial plausibility when

1

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Smith has experienced seizures all of his life and takes medication for his seizures. Between October and November 2020, Mr. Smith was allegedly denied adequate medical care for his seizures in violation of his Eighth Amendment rights. At one point, Mr. Smith was taken to the hospital because his seizures would not stop. Mr. Smith names five defendants.

- **Sgt. Adams** allegedly failed to respond in a timely manner when Mr. Smith pushed the emergency button in his cell to notify staff that he was about to have a seizure. As a result, Mr. Smith had a seizure and was injured.

- **Officer Stevens and Officer Orndorff** allegedly failed to complete their required security rounds every 30 minutes. If the security rounds had been timely completed, Mr. Smith alleges he would have gotten the help he needed right away.

- **Nurse Power and Nurse Lovall** allegedly failed to treat Mr. Smith's seizures as medical emergencies because they believed that nothing could be done to treat the seizures. They delayed taking him to the infirmary.

Mr. Smith seeks money damages and equitable relief.

## III. Discussion of Claims

### A. Eighth Amendment Deliberate Indifference Standard

The complaint is brought pursuant to 42 U.S.C. § 1983. Mr. Smith's medical treatment is evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). "To determine if the Eighth

Amendment has been violated in the prison medical context, [courts] perform a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotations omitted). Even a short delay in treatment can give rise to a deliberate indifference claim if it exacerbates a condition or unnecessarily prolongs an inmate's pain. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

### B. Claims Against Officer Stevens and Officer Orndorff are Dismissed

The claims against Officer Stevens and Officer Orndorff are **dismissed**. Mr. Smith alleges that the Officers are liable to him because they failed to complete their required security rounds every 30 minutes. However, there is no basis to conclude that the Officers' failure to complete their rounds reflects deliberate indifference to Mr. Smith's seizures. There are no allegations to suggest that the Officers knew that Mr. Smith was at serious risk of suffering a seizure during their rounds and decided not to do anything to prevent that harm from occurring. In other words, there are no allegations to suggest that the Officers knew that their failure to complete their rounds in a timely fashion would result in Mr. Smith suffering injuries from seizures.

### C. Claims against Sgt. Adams, Nurse Power, and Nurse Lovall Shall Proceed

Mr. Smith allegedly informed Sgt. Adams that he was about to have a seizure, but Sgt. Adams did nothing and Mr. Smith was injured. Similarly, Nurse Power and Nurse Lovell stood by and watched him have multiple seizures before doing anything to assist. These facts are sufficient to state an Eighth Amendment claim against Sgt. Adams, Nurse Power and Nurse Lovall. These claims are the only viable claims identified by the Court. All other claims have been dismissed.

### IV. Further Proceedings and Service of Process

If Mr. Smith believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 7, 2021,** in which to identify those claims.

The **clerk is directed** to terminate Officer Stevens and Officer Orndorff as defendants on the docket. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sgt. Adams, Nurse Power and Nurse Lovall in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Defendants Nurse Power and Nurse Lovall are understood to be employees of Wexford of Indiana, LLC. A copy of this Entry and the process documents shall also be **served on Wexford** electronically. Wexford is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date: 6/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AVERY SMITH
149118
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:

    Sgt. Adams
    (At Wabash Valley Correctional Facility)

Electronic service to Wexford of Indiana, LLC

Nurse Power
Wabash Valley Correctional Facility
P.O. Box 500
6908 S. Old US Hwy 41
Carlisle, IN  47838

Nurse Lovell
Wabash Valley Correctional Facility
P.O. Box 500
6908 S. Old US Hwy 41
Carlisle, IN  47838